ROGERS v. THE CEDAR RAPIDS INS. CO.

1. **Practice**: ACTION ON INSURANCE POLICY: IGNORING PART OF CONTRACT. In an action upon a policy of insurance, which showed upon its face that the application was an essential part of the contract, and the policy and application were set out as a part of the petition and admitted in the answer, it was error to allow plaintiff, over defendants's objection, to introduce the policy in evidence without the application, and for the court to ignore the application in its instructions to the jury;— especially when plaintiff, by his own evidence, had shown that some of the answers in the application were untrue, which, by the terms of the policy, rendered it void.

*Appeal from Henry District Court.*

FRIDAY, OCTOBER 7.

THIS is an action upon a policy of insurance upon a dwelling-house, which the plaintiff alleges was destroyed by fire. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*C. J. Deacon*, for appellant.

*W. J. Jeffries* and *R. W. Barger*, for appellee.

ROTHROCK, J.— The plaintiff made the usual averments in the petition as to the issuance of the policy and the destruction of the building by fire. A copy of the policy was attached to the petition, and made part thereof by an express averment. The policy referred to the copy of the application for insurance indorsed thereon, and the application was set out in full as part of the exhibit. The two writings were in fact but one instrument. They were both parts of the same contract. The face of the policy was in no sense the complete contract. It recited that the insurance was based upon the representations contained in the application indorsed on the policy, and made a part thereof, and that, if any false statements were made in the application, the policy should be void. It further provides that if the

premises should be used for any other purpose than is mentioned in said application, without consent of the secretary of the company in writing, the policy should be void; and the application contained a clause in which the plaintiff warranted the answer to each question in the policy to be true. The defendant answered, alleging, among other things, that the policy was void because of certain untrue answers as to the age and size of the building, and because the plaintiff had stated in the application that the building was occupied and used as the private residence of the plaintiff; and that long before, and at the time it was destroyed by fire, it had been used as a tenement-house. A reply was filed, denying some of the averments of the answer, and alleging that some of the answers to questions in the application were fraudulently procured by the defendant's soliciting agent. To sustain the issues on his part, the plaintiff offered in evidence the policy, excepting the application indorsed thereon. The defendant objected to the plaintiff's offering part of the policy, and excluding part, because the entire policy was already in evidence as part of the petition, and admitted by the answer. The objection was overruled, and the defendant excepted.

We think the plaintiff ought not to have been allowed to go to the jury with but part of the contract. The part which the court excluded was absolutely necessary to be submitted to the jury. The face of the policy did not of itself show the contract between the parties. Not only this; it showed that it was incomplete and no contract without the application. The application was not read to the jury during the trial, and, in stating the issues to the jury, the court ignored the application; and although the plaintiff, in making proofs as to the value of the building, showed that it was many years older than stated in the application, and of much smaller dimensions than therein stated, and that at the time of the fire it was rented to tenants, the plaintiff made no effort

to show that the confessedly untrue statements contained in the application had been in any manner waived by the defendant, and the court made no reference to the necessity of such proof in the charge to the jury.    In reference to the renting of the building, the court did state to the jury that, if the risk was thereby increased, they should find for the defendant.    But there was no evidence on this question to be submitted to the jury.    The whole contract should have been regarded as in evidence; and, when it was developed on the trial that certain answers to questions in the application were untrue, the plaintiff should have given his attention to avoiding the effect of the false answers in some proper manner, if he could do so.    As the case stood, by the express terms of the policy it was void, and it was incumbent on the plaintiff to meet that question, and not insist on the case going to the jury with but part of the contract to be considered by them.

We do not propose, on this appeal, to determine other questions discussed by counsel.   The fact is apparent that the cause was tried upon a wrong theory from the beginning; and another trial, with the whole contract before the jury, will probably develop at least some of the questions now presented.

REVERSED.