## Columbian Exposition Salvage Company v. Union Casualty & Surety Company of St. Louis.

### Gen. No. 11,340.

1.  INSURANCE POLICY—*what component part of.*  An application for insurance, a copy of which is attached to the policy issued pursuant thereto, is a part of the policy where such application contains statements of fact which constitute warranties.

2.  EXPLOSIVES—*what construed as agreement not to use.*  The following question and answer contained in an application for an insurance policy is construed as constituting an agreement not to use explosives :  " Q.  Any explosives or chemicals used except as herein stated ? A.  No."

Action of assumpsit.  Error to the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1903.  Affirmed.  Opinion filed October 27, 1905.

Statement by the Court.  This is a writ of error to reverse a judgment for the defendant entered on a directed verdict for the defendant upon the trial of an action of assumpsit brought by the assured against the insurer upon a contractor's liability policy of insurance.  The policy sued on begins thus:

" No. 16002.

"Union Casualty and Surety Company of St. Louis, Mo.,

246     Appellate Courts of Illinois.

Vol. 123.] Col. Ex. Salvage Co. v. Union Casualty & Surety Co.

in consideration of the warranties contained in the application herefor and of the sum of $24.50-100 does hereby insure Columbian Exposition Salvage Company, hereinafter called the assured, as follows, viz."

Then. follows a blank space. The remaining words of the policy following the documents attached to the policy at such blank space, except signatures, are as follows :

"And this policy shall only cover losses sustained by and liability for any claims against the assured as a result of the risk specified in the contract, or contracts hereto attached, between the Sixth day of June, Eighteen hundred and Ninety-five, and the Sixth day of June, Eighteen hundred and Ninety-six, at 12 o'clock noon, to be paid at the office of the Company in the city of St. Louis, State of Missouri, within thirty days after the proof of loss, injury or death has been duly verified by the assured and has been received and accepted by the Company, such payment being subject to the covenants and agreements herein, and this policy is issued and accepted upon the condition that all the provisions printed upon the back of that part thereof, or the slip or slips attached to this policy, are accepted and shall be fulfilled by the assured as part of this contract as fully as if they were recited at length over the signatures hereto affixed."     *     *     *

The first of the documents attached to the policy at such blank space is as follows:

#### "EMPLOYERS' LIABILITY INSURANCE CONTRACT.

Against legal liability for damages respecting fatal or non-fatal injuries from accidents occurring to any. employe or employes of the assured incurred while engaged in his, her or their employment at the place or places mentioned in the application for this policy, the Company's liability being limited in respect of an accident which shall cause death or injury to any one employe to the sum of Five thousand dollars, and subject to the foregoing limitation, the Company's total liability in respect of any single accident causing death or injury to two or more employes is limited to the sum of Fifteen thousand dollars.

Attached to and forms part of Policy No. 16002.
Union Casualty and Surety Company of St. Louis, Mo.
C. B. Beardsley, General Agent.

It is expressly provided that this contract of insurance

is issued and accepted subject to the conditions and agreements printed on the reverse side hereof, which are made a part of this policy.

To THE UNION CASUALTY AND SURETY COMPANY OF ST. LOUIS, MO.:

Application is hereby made for a policy of insurance under the form and subject to the Company's policy known as Employers' Liability Contract, to be based upon the following statement of facts, which are to be considered as warranties:

1. Name of employer, Columbian Exposition Salvage Co. * * * 4. Nature of business is wrecking buildings, etc. * * * 6. No explosives are used except as herein stated: No. * * * The original application signed by the assured must be forwarded to the Company with contract attached, making an exact copy of the one gummed to the policy. * * * ."

The second document attached to the policy at such blank space is as follows:

"In consideration of the agreements made in the application herefor and of sum expressed in policy Dollars ($ ) this insurance is hereby extended to cover the liability of the assured for damages respecting fatal or non-fatal injuries occurring to any person or persons whomsoever other than employes of the assured and happening at the place or places described in the application herefor, a copy of which is endorsed on the back hereof, and is hereby made a part of this contract; it being expressly provided that this endorsement is issued subject to all the provisions, conditions and limits of the Employers' Liability Policy of which it forms a part. This insurance does not apply to injuries caused by horses or vehicles and covers only accidents resulting from the operations of the business in respect of which this insurance is granted.

The risk to commence at noon this 6th day of June, 1895, and to terminate on the 6th day of June, 1896, at noon.

Attached to and forms part of Employers' Liability Policy No. 16002.

UNION CASUALTY AND SURETY CO.

OF ST. LOUIS, MO.

C. B. Beardsley, General Agent.

248    Appellate Courts of Illinois.

Vol. 123.] Col. Ex. Salvage Co. v. Union Casualty & Surety Co.

COPY OF APPLICATION ON WHICH THIS ENDORSEMENT IS
ISSUED.

Application is hereby made for a Liability Endorsement
(Form M. L.) which is to be an extension of the Employ-
ers' Liability Policy issued to the subscriber hereunto, the
said endorsement being based upon the following statement
of facts which are to be considered as warranties:

Name of Employer. Columbian Exposition Salvage Co.

Address of Employer, Jackson Park, Worlds Fair
Grounds, Chicago, Ills.

Nature of business. Wrecking buildings & disposing of
salvage therefrom & lumber yard.

It is understood and agreed that the premium for this
insurance is to be based upon the actual expenditure of
wages necessary to conduct the operations in respect of
which this insurance is desired; and it is hereby warranted
that the statements made in the Employers' Liability ap-
plication with which this is concurrent are correct. * *
* "

Plaintiff's evidence showed that in October, 1895,
through the use of dynamite by the plaintiff in demolish-
ing a World's Fair building Samuel Hobson, who was not
an employee of the plaintiff, came to his death; that his ad-
ministrator recovered a judgment against plaintiff for
wrongfully causing his death, which plaintiff paid. The
direction to find a verdict for the plaintiff was given at the
close of plaintiff's case.

Alden, Latham & Young, for plaintiff in error.

George W. Wall, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

The plaintiff offered in evidence the policy sued on with
the document attached thereto called the "Employer's Lia-
bility Contract" and also the document thereto attached
called the "Contractor's Liability Endorsement," but did
not offer in connection therewith either the copy of the
application for the policy which was attached to said
"Employer's Liability Contract" or the application for the
"Contractor's Liability Endorsement" which was attached

to said endorsement, and the trial court held that, as copies of said applications were attached to documents which were attached to the policy, such copies formed a part of the contract, and the whole instrument, including such copies, must be offered. To this ruling the plaintiff excepted and then offered and put in evidence the policy with the documents thereto attached, including said copies, and later put in evidence the original applications.

The policy states in its first line that the insurance company "in consideration of the warranties made in the application therefor" insures the plaintiff, etc. The application for the "Employer's Liability Contract" begins as follows:

"Application is hereby made for a policy of insurance * * * to be based upon the following statement of facts, which are to be considered as warranties."

The application for the "Contractor's Liability Endorsement" begins as follows: "Application is hereby made for a Liability Endorsement, (Form M. L.) * * * the said endorsement being based upon the following statement of facts which are to be considered as warranties," and further declares that, "it is hereby warranted that the statements made in the Employer's Liability Application with which this is concurrent are correct." The "Contractor's Liability Endorsement" states that, "In consideration of the agreements made in the application herefor this insurance is extended to cover the liability of the assured to persons other than employes happening at the place or places described in the application herefor, a copy of which application is endorsed on the back hereof and is hereby made a part of this contract, it being expressly provided that this endorsement is issued subject to all the provisions, conditions and limits of the employer's policy of which it forms a part."

We think the trial court did not err in holding that the statements contained in the applications were warranties; that the policy, the "Employer's Liability Contract," the conditions thereto attached and the application of the

assured therefor, the "Contractor's Liability Endorsement," the conditions thereto attached and the application of the assured therefor are a part of the insurance contract between the parties; nor in holding that the plaintiff could not put the policy and contracts thereto attached in evidence without putting in evidence the copies of the applications therefor which were attached to said contracts. Treat v. Merchant's Life Assn., 198 Ill. 431.

It is said in the brief for plaintiff in error that: "The basis for the ruling of the court in directing a verdict for the defendant in this case was the following question and answer in the application :

'Q. No explosives or chemicals used except as herein stated ? A. No.'"

The contention for the plaintiff in error is that, as the question was in form negative, the answer "*No*" denied that *no* explosives were used and in effect affirmed that explosives were used, under the rule of construction that two negatives make an affirmative. This contention cannot be maintained. In our language affirmative and negative questions are used without distinction.

We can say equally, *Can he read?* or, *Can he not read? Will you take this?* or, *Will you not take this?* In either case, whether the question be in form negative or affirmative, an affirmative answer is an affirmation and a negative answer a denial.

It being important to the insurer to know whether explosives were to be used by the assured and the question being general whether explosives or chemicals were not used except as stated, the answer must be understood to apply to the future prosecution of the business. The warranty was promissory; was an agreement by the applicant that it would not thereafter use explosives or chemicals in the prosecution of its business.

The warranty was not as to an existing fact or situation known to the insurer that rendered the contract void under its conditions, in which case the insurer, if it accepts the application and premium and issues the policy, is estopped

from availing itself of non-compliance with the conditions on the ground of fraud or injustice. The warranty looked to the future conduct of the applicant, and by its terms the assured undertook to perform the stipulation that in the prosecution of its business no explosives or chemicals should be used.

The fact that the insurer had previous to the issuing of the policy in question been informed by the applicant that it might use dynamite in its business could not affect its promise not to use explosives or chemicals thereafter. The trial court therefore, we think, properly excluded the applications of the assured for the policy of which the policy in question was a renewal and other policies issued before the application for the present policy was made, all of which stated that dynamite might be used in demolishing one or more of the World's Fair Buildings.

We think that upon the evidence the Circuit Court properly directed a verdict for the defendant, and the judgment of that court will be affirmed.

*Affirmed.*