### Samuel Kelly, Defendant in Error, v. Metropolitan Life Ins. Co., Plaintiff in Error.

### Gen. No. 14,722.

INSURANCE—*when application part of contract.* Where the intent to make the application a part of a policy clearly appears, the court, no matter what the phraseology may be, will read the application into the contract of insurance and construe the contract of insurance and the application together.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ALBERT E. BERGLAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed December 21, 1909. Rehearing denied January 4, 1910.

HOYNE, O'CONNOR & IRWIN, for plaintiff in error.

JAMES MAHER, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

Judgment was rendered in favor of plaintiff, defendant in error, in the Municipal Court of Chicago for $110, the amount of a policy issued by the plaintiff in error to plaintiff's wife for his benefit. The plaintiff offered in evidence the face of the policy and that part of the back showing the amount and the name of beneficiary.

The material parts of the face of the policy are as follows:

"METROPOLITAN

LIFE INSURANCE COMPANY.

In consideration of the statements in the printed and written application for this policy, a copy of which is hereto annexed, all of which are hereby made warranties and part of this contract, and of the payment of the premium mentioned in the schedule on the back hereof, on or before each Monday, hereby agrees, subject to the conditions herein, to pay, etc., * * * the amount stipulated in said schedule."

On the back of the policy is printed the following: "Schedule referred to on face of policy." Then follows a statement of weekly premium, amount of policy, name of plaintiff as beneficiary and date of policy, September 3, 1906. Following this there is printed:

"COPY OF APPLICATION FOR THIS POLICY.

I hereby apply to the Metropolitan Life Insurance Company for insurance. To induce the said Company to issue a Policy, and as consideration therefor, I warrant and agree, on behalf of myself and of any other person who shall have or claim interest in any Policy issued under this application, as follows:"

followed by a series of printed statements including:

"2. I have never had any of the following complaints or diseases: * * * consumption * * * except

5.  I have never been under the care of any phy-
sician within two years except

I agree that as to each and every one of the fore-
going paragraphs, where nothing is written after the
word 'except,' I warrant the statement therein con-
tained without exception.  *  *  *   .

And I further declare, warrant and agree that the
representations and answers made above are strictly
correct and wholly true, that they shall form the basis
and become part of the contract of insurance, if one
be issued, and that any untrue answers will render
the Policy null and void,  *  *  *.''  At the end is the
date, August 24, 1906, and the name of the insured,
typewritten.

The defendant offered this ''copy of application''
on the back of the policy in evidence, but the court
excluded it on the ground that the original applica-
tion had not been accounted for.  The testimony
clearly established that the insured had been treated
by a physician on and off for eight years, and as
late as August 24, 1906, the date of the application
as it appears on the back of the policy, for consump-
tion; again on September 23, 1906; that she had
chronic consumption from the time she first came under
the notice of her physician, at least seven years.  In
1904 she was advised by him to go to Denver, and in
1906 she was gradually getting worse.  All of this
testimony was subsequently stricken out over defend-
ant's objection.

Plaintiff claims that the copy of the application and
therefore the testimony of the physician based thereon
was rightfully excluded and that in its absence the
policy is an unconditional promise to pay the amount
at death.  His argument is that the words in the be-
ginning of the policy make the statements contained
in the original application, but neither the application
nor the copy thereof, a part of the contract; more-
over that no copy is annexed but, at the best, only
printed on the back of the policy.

We cannot follow this reasoning.  As the Supreme

Court has said in Treat v. Merchants' Life Association, 198 Ill. 431: "Where the intent to make the application a part of the policy clearly appears, the court, no matter what the phraseology may be, will read the application into the contract of insurance and construe the contract of insurance and the application together."

In our opinion the language following the words on the back of the policy, "Copy of application for this policy" is the copy referred to on the face of the policy, as annexed, and the statements therein contained accepted by both parties as a copy of the original written and printed statements subject to the power of a court of equity to correct any mistakes in transcribing them, form an essential part of the contract and of the policy. Comer v. Comer, 120 Ill. 420.

The court erred therefore not only in excluding the statements on the back of the policy when offered by defendant and the physician's testimony to show the falsity thereof, but also in permitting plaintiff to offer a part only of a written contract over defendant's objections that the entire document must be introduced in evidence. Rogers v. Cedar Rapids Ins. Co., 72 Ia. 448; Col. Exp. Salv. Co. v. Surety Co., 123 Ill. App. 245.

For these errors the judgment of the lower court must be reversed and the cause remanded.

*Reversed and remanded.*