**Stanley P. Mazeika, for use of Tony Willis and James C. Curtis & Company, Appellee, v. Automobile Underwriters of America, Appellant.**

### Gen. No. 27,065.

1. INSURANCE—*effect of misrepresentation in application prepared and signed by agent of insurer.*   A warranty that the automobile covered by a policy of insurance against theft is not mortgaged or incumbered, appearing in an application prepared and signed by the agent of insurer, is not binding on the insured where the evidence does not show that he ever made any representations or statements to that effect or signed any application, and recovery on the policy is not defeated by the fact that the automobile was in fact mortgaged.

2. INSURANCE—*acceptance of policy as constituting statements therein warranties.*   Recovery on a policy of insurance cannot be defeated as for breach of a warranty that the property insured was not mortgaged, by the provisions of the policy that certain statements of fact therein are warranted to be true on acceptance

of the policy, where the evidence shows that no application was ever signed by the insured and the alleged warranty in the policy reads: "The automobile described herein is owned by the subscriber and is not mortgaged or encumbered except as follows: No," without qualification or explanation.

3. INSURANCE—*effect of misrepresentation as to model of insured automobile.* The fact that the insured automobile was described as a 1912 model in the schedule of warranties in the policy does not defeat recovery on the policy where the insured testifies that it was a 1911 model, and the evidence shows that the insured owned but one car and that it was the one which was stolen and the one which was insured.

4. INSURANCE—*sufficiency of evidence of value of insured property.* A recovery of $800 for a stolen automobile is proper under a policy which, in one clause limits liability to the actual value of the property and in another to $800, where the evidence as to the value of the stolen car ranged from $300 or $400 to $1,350.

Appeal from the Municipal Court of Chicago; the Hon. F. J. CAMPBELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed October 18, 1922. Rehearing denied and opinion modified November 3, 1922.

LANNEN & HICKEY, for appellant.

HELMER, MOULTON, WHITMAN & WHITMAN and JOSEPH A. PEPPETS, for appellee; CHARLES R. HOLTON, of counsel.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

By this appeal the defendant, Automobile Underwriters of America, seeks to reverse a judgment recovered against it in the municipal court of Chicago by the plaintiff in the sum of $800. Two judgments had been recovered against Mazeika, one by Curtis & Company and one by one Willis, and these judgment creditors brought garnishment proceedings against the defendant. The cases were consolidated and resulted, as stated above, in a trial before the court without a jury.

It seems that the defendant is a mutual insurance

organization and its policy is entitled "Subscribers to Automobile Underwriters of America," and, throughout, the assured is referred to as "the subscriber."

In support of its appeal the defendant contends that there is such a marked discrepancy in the statements in the proof of loss filed by Mazeika, following the theft of his automobile which was insured by the defendant against theft, and his testimony at the trial, that his testimony is entirely incredible and that it cannot reasonably be found from the testimony that his automobile was, in fact, stolen.

Mazeika was in the undertaking business. Early in 1920 he bought the car in question, which was a secondhand Packard limousine, paying therefor the sum of $1,350. In March he took out the policy of insurance, which is the basis of this suit, whereby his car was insured against theft. His car was stolen in October, 1920. Under one of the clauses of the policy it is provided that the liability of the defendant is limited to the actual intrinsic value of the property stolen at the time of the loss. Another clause of the policy provided that the amount of any loss which might occur shall be ascertained by the subscriber and the attorney for the subscribers, or, if they differ, by two appraisers, one named by each of the parties. In another clause of the policy, entitled "Classes of Indemnity Covered," it is stated that the amount under the theft clause is $800.

It would serve no useful purpose to set forth in this opinion even the substance of the testimony of the witness Mazeika or his statements in the alleged proof of loss, which the defendant claims were in such conflict as to make the testimony without value. In the first place we do not consider the statements in the two documents of such a conflicting nature as defendant contends. In the next place the so-called proof of loss was not sworn to as the defendant contends. It appears to have been signed by Mazeika

and down below there appears the name of a notary public with a scrawl around the word "seal," but there are no words indicating that the statement was either signed or sworn to before the notary. Mazeika did testify that he knew the notary public whose name appears on this paper and that he was at his store at the time the paper was signed. The only evidence in the record as to the manner in which this document was prepared is the testimony of Mazeika. The document is entitled "Report of Automobile Accident or Loss." Mazeika testified that he was visited by a man named Thompson, who was an agent of the defendant and that Thompson asked him a lot of questions and that he answered them, and as he did so Thompson made notes. On his cross-examination Mazeika was asked whether he had not made certain statements to Thompson, as they appeared in this report, and he denied that he had made the statements as they were there set forth. One of the statements in the report of loss is to the effect that there was no mortgage on the car. Mazeika testified that he was asked no such question and he denied he had made any statement to that effect. His testimony to the effect that the car was stolen stands in the record without contradiction and, in our opinion, there is nothing in the testimony to which our attention has been called which would justify the conclusion that this car, in fact, was not stolen.

It is next contended that no recovery can be had on this policy against defendant because Mazeika, in his application for the insurance, warranted that the automobile in question was not mortgaged or incumbered, whereas, the fact was, as developed by his own testimony, that the contrary was true. In our opinion the evidence fails to show that Mazeika made any statements or representations in connection with this insurance that can be treated as warranties. The opening clause of the policy reads: "In considera-

tion of the premium deposit herein provided, and in pursuance of the application and the statements made therein, which is hereby made a warranty and a part of this policy," the Automobile Underwriters of America agree severally to indemnify the subscriber as provided.

There is no testimony in the record to the effect that Mazeika made any application in writing, nor what the application consisted of, if one was made. The following, however, does appear in the policy itself: "The following warranties are hereby made a part of this contract and are acknowledged and warranted by the subscriber to be true on acceptance of this contract." Following this there appear under the heading "Schedule of Warranties" a series, not of questions and answers, but of statements—twenty-three in number—at the end of which appears the following: "In witness whereof the subscribers to the Automobile Underwriters of America have caused these presents to be signed by attorney on this the 18th day of March, 1920. Van A. Webster, Attorney and Manager." In other words, the attorney and manager, Webster, seems to have signed this schedule of warranties, not on behalf of the assured Mazeika, who is referred to in the policy as the "subscriber," but on behalf of the insurers, who are referred to as "the subscribers."

In support of their contention counsel for the defendant have called our attention to *Kelly v. Metropolitan Life Ins. Co.*, 152 Ill. App. 179; *Columbian Exposition Salvage Co. v. Union Casualty & Surety Co. of St. Louis*, 123 Ill. App. 245, and *Rogers v. Cedar Rapids Ins. Co.*, 72 Iowa 448. In our opinion those cases are not in point. In all of them it appeared that the insured had made an application for the insurance in writing and had signed it and it clearly appeared from unequivocal language contained in the application or the policy or both that it was the in-

244 APPELLATE COURTS OF ILLINOIS.

Mazeika v. Automobile Underwriters of America, 226 Ill. App. 239.

tention to make the application a part of the policy and of the contract of insurance. In such a situation, of course, where the insured warrants his answers to questions contained in the application to be true and in fact one or more of them are false, the policy may be avoided.

In *Lycoming Fire Ins. Co. v. Jackson*, 83 Ill. 302, the insured brought an action on a policy of fire insurance to recover the amount of a loss. The policy referred to a written application. The assured had not signed any such application but an agent of the company had filled one out and signed the name of the assured to it without any authority of the latter to do so, nor had such action been ratified, and the court held that the assured would not be bound by statements made in the application if they were proved false. There the policy made the application a part of the contract of insurance and a warranty by the assured.

In *Landers v. Watertown Fire Ins. Co.*, 19 Hun 174 (which was reversed in 86 N. Y. 414, on a point having no connection with the one on which we are referring to it), there was an application of the same nature as the one involved in the case last-above referred to and it was referred to in the policy as forming a part thereof. The court held it to be no part of the contract of insurance. Similar rulings are to be found in *Bowlus v. Phoenix Ins. Co.*, 133 Ind. 106, and *Baker v. Ohio Farmers' Ins. Co.*, 70 Mich. 199.

But in some respects the case at bar differs from the cases cited. Although the plaintiff is not shown to have made or signed any written application and although he was asked on cross-examination whether he stated there was no mortgage on his car "in your application for the policy in this case" and he answered that he did "not remember being asked that question, if there was, I would have told him," there appears set forth in full in the policy itself the long schedule

Mazeika v. Automobile Underwriters of America, 226 Ill. App. 239.

of warranties, which the policy says "are acknowledged and warranted by the subscriber (insured) to be true on acceptance of this contract." If the statements thus purporting to be warranted to be true by the assured, by virtue of his acceptance of the policy, were clear and explicit, the position of the defendant to the effect that a recovery on the policy could not be had if it were shown that one or more of them were in fact not true, might be sound, but we do not wish to be understood as passing on that point. In our opinion, however, the statement here relied upon by the defendant and said to be untrue is not such a statement. Under the facts in this case the language in this schedule of warranties was that of the defendant and not the insured and it will be construed strictly against it. The alleged warranty relied upon to defeat the policy is in these words: "The automobile described herein is owned by the subscriber and is not mortgaged or encumbered except as follows: No." That question and answer are not such as were involved in *Columbian Exposition Salvage Co. v. Union Casualty & Surety Co. of St. Louis,* 123 Ill. App. 245, to which counsel call our attention where the following appeared in the application: "Q. No explosives or chemicals used except as herein stated? A. No." That language was properly subjected by the court to a liberal construction and held to mean that no explosives or chemicals were used. But the situation in the case at bar calls for a strict construction against the insurer. Thus construed, the language here involved, to say the least, is not such as should be permitted to defeat a recovery for a loss that has occurred. If the insurer wished to base its contract on a warranty by the assured that the title to the car in question was in the assured and that there was no mortgage on it and it chose to accomplish that end, not upon plain questions and answers in an application in writing signed by the assured but upon

statements incorporated in the policy itself and purporting to be made by the attorney for and manager of the insurer, and which the provisions of the policy made the assured adopt as his by virtue of his acceptance of the policy, that object might have been accomplished by clear and unmistakable language. That was not done.

The so-called schedule of warranties refers to the car as being a 1912 model, whereas, Mazeika testified it was 1911. It is argued that this raises the question whether the Packard which was stolen was, in fact, the one that was insured. There is no question from the evidence in the record but that Mazeika had only one car and that was the one which was stolen and was the one insured.

The only other point urged in support of the policy relates to the amount of the judgment. It is pointed out that the policy provides that the liability of the defendant is limited to the actual value of the property. It is, in one clause of the policy and, in another, it is stated to be $800. There was evidence from several witnesses on the actual value of this car—Mazeika placing it at $1,350 and other witnesses at from $300 to $400. In our opinion the trial court did not err in fixing the amount of the judgment at $800.

We find no error in the record and, therefore, the judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR and O'CONNOR, JJ., concur.