# No. 13,460.

## FEDERAL LIFE INSURANCE COMPANY *v.* KRAS.

### (45 P. [2d] 636)

Decided May 20, 1935.

Messrs. PHELPS & GOBIN, for plaintiff in error.

Mr. THOMAS L. BARTLEY, Mr. C. V. MARMADUKE, Mr. V. G. SEAVY, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

In an action filed September 17, 1931, to recover for disability claim under an insurance policy, defendant in error was plaintiff in the trial court, where he procured a judgment against the insurance company, plaintiff in error. Reference to the parties will be made as plaintiff and the insurance company.

The controversy is over the claimed falsity of the answers and statements made in the application for sick and accident insurance, which was attached to the policy issued and made a part thereof. There is no dispute as to the following facts: That on May 21, 1926, policy No. 91894 of the insurance company was issued to plaintiff, and is Exhibit A; that the application was dated May 14; that the policy provided for $60 per month total disability benefits for 12 months, and double benefit for two months if confined in hospital; that plaintiff was confined in a hospital from June 28, 1930, up to the time of the suit, more than one year, with rheumatism and heart trouble—mitral regurgitation; that he was illiterate, and had an interpreter present when he signed the application; that there was no medical examination, and the policy was based upon the statements made in the application. The pertinent parts of the application are as follows:

"12. (a) Have you received medical or surgical attention within the past five years? Yes. If so, for what? Removal of tonsils. Date? 8-1923. Duration? 4 days. Have you fully recovered? Yes. (b) Names and addresses of attending physicians and surgeons? C. F. & I. doctor.

"13. * * * (c) Have you ever had fits, disorders of the brain or spinal cord, hernia, bodily or mental infirmity? No."

"16. (a) Have you ever had any serious illness or disease? No."

"18. * * * (b) Is your condition sound mentally and physically? Yes."

"20. Do you agree that any representation or statements made by you to the person soliciting this application or by any such person to you shall not be binding upon the Company unless contained in this application? Yes.

"21. Do you agree that the insurance hereby applied for based on the foregoing answers and agreements will not be in force until the policy is actually issued while you are in good health, free from all injury, and the first premium is actually paid? Yes.

"22. Do you understand and agree that each of the above answers is material and full, complete and true? Yes."

Dr. Royal H. Finney, a witness for plaintiff, being asked to give a resume of plaintiff's hospital record, answered in detail, his testimony in that regard being substantially as follows:

"He was there in November, 1924, to be operated for hernia, but because of a cold was not operated upon. He was in the hospital for rheumatic fever (acute polyarthritis) with mitral regurgitation (leakage of the heart) January 18, 1925, and remained there until April 3, 1925, reentered the next day and remained until June 3, 1925. He again entered the hospital January 15, 1926, and again entered May 20, 1926, for an operation for double inguinal hernia, and remained there until June 7, 1926. The present suit is based upon the claim for disability occasioned by rheumatism and endocarditis with mitral regurgitation, this being the same ailment he was afflicted with and confined in the hospital for in 1925. The hernia was operated on May 20, 1926, and was the same hernia he had been afflicted with when he was in the hospital in 1924. He was in the hospital for this when the policy was issued, it being dated May 21, 1926."

The insurance company offered no evidence, and its motion for a directed verdict was overruled. It contends that the representations in the application are warranties; but

if not warranties, that they are representations material to the risk and if untrue void the policy.

Plaintiff insists that all of the facts about his other sicknesses were told by him to the agent, through the interpreter; that the agent wrote out the answers, and never read them to him, and further that premiums were paid by plaintiff on this policy from its date in 1926 to November, 1930, and after defendant had notice of plaintiff's actual physical condition; that the statements made in the application are representations and not warranties.

 This case must stand or fall upon the application, and the facts and circumstances under which it was given or obtained. The agent's authority to solicit insurance and take applications therefor is not questioned. The matter of the statements in the application being either warranties or representations material to the risk, become important only if such statements are made by the applicant. If so made, as appears on the face of the application before us, they become warranties and if the insurance is based thereon and the statements are false, no recovery can be had upon the policy. However, the undisputed evidence in this case, submitted to, and apparently believed by, the jury, establishes the fact that the statements in the application were in fact made by the agent. It is undisputed that the applicant is of foreign birth, with little understanding of the English language, and that an interpreter was present and necessary at the time of the making and signing of the application; further, the interpreter testified that the applicant, when the questions contained in the application were read to him by the agent through the interpreter, disclosed all of his former and then present sickness and disability, which in turn was interpreted and disclosed to the agent; that the agent wrote the answers as contained in the application and when completed did not read the questions and answers to the applicant or interpreter, and did not submit the application to them for reading. In the circumstances the applicant had the right to assume that the agent would

submit the true and correct information given him to his principal and he was justified in relying upon that assumption. He had the right to believe and to rely upon that belief that when the company issued its policy it did so with full knowledge of the information disclosed to its agent, and he was justified in such reliance under a sense of security.

■ ■ The solicitor of an insurance company is its agent; his acts and knowledge are those of his principal, and the insured cannot be held responsible for a wrong perpetrated through his fraud or negligence. *Northwestern Mut. Life Ins. Co. v. Farnsworth,* 60 Colo. 324, 153 Pac. 699; *New York Life Ins. Co. v. Fukushima,* 74 Colo. 236, 220 Pac. 994. We are not unaware of the duty resting upon an insured, when he receives a policy of insurance, to examine it, and if he receives and retains it for a reasonable length of time, that he is presumed to have examined it. And in this case, had plaintiff, with an understanding of the English language and with a familiarity with the nature of applications for, and issuance of, insurance policies, received and retained possession of the policy here in question with full knowledge of the circumstances concerning its issuance, without examining it and the attached copy of his application, his negligence in that respect would preclude a recovery. But different facts are here presented. The insured, as before stated, was unacquainted with the language in which the application and policy were written, and it therefore cannot be presumed that he did, or could have familiarized himself with the policy to the extent necessary to make it obligatory upon him to repudiate the false answers shown in the application. *Insurance Co. v. Fukushima, supra.*

■ The evidence concerning the disclosures by the insured to the agent—which is undisputed—was properly before the jury, and undoubtedly bore sufficient weight to influence its belief and judgment. It is amply sufficient to sustain a finding upholding plaintiff's claim that the insurance company had knowledge of the facts, through the

knowledge of its agent. Such a finding, we will not disturb.

The judgment on the verdict is therefore correct and is affirmed.

MR. JUSTICE HILLIARD not participating.