No. 24,058.

CHARLES STANLEY, *Appellee*, v. THE BELT AUTOMOBILE INDEMNITY ASSOCIATION, *Appellant*.

SYLLABUS BY THE COURT.

1. AUTO INSURANCE—*Loss by Fire—Waiver of Warranty by Insurer.* In construing policies of insurance the rule is that notwithstanding the agreement of parties a warranty may, by reason of facts and circumstances, be regarded as waived by the company, or, which amounts to the same thing, the company may be estopped to rely upon the warranty.

2. SAME—*Notice of Facts Chargeable to Insurance Company.* An insurance company cannot defend on the ground that the policy was void at its inception if it had knowledge of the facts when it executed the contract and took the premium.

3. SAME.  On general principles, a knowledge which would be sufficient to lead any prudent person to inquire about the matter, when it could easily be ascertained, will be regarded as a knowledge of the fact, because the courts will not impute to the company the fraudulent intent to deliver and receive pay for an invalid policy.

4. SAME—*Misdescription of Car Insured—No Fraudulent Intent*.  In an action to recover on a fire insurance policy covering a used automobile, where the defense was that the application falsely warranted that the car was a 1918 model and that the owner had paid a certain price for it, *held*, on the facts stated in the opinion, there was evidence sufficient to warrant the jury in finding that there was no purpose of evasion in the representations.

5. SAME—*Attorney's Fee Properly Allowed*.  Section 5479 of the General Statutes of 1915, authorizing the allowance of an attorney's fees in all actions in which judgment is rendered against an insurance company on a policy insuring personal property, is broad enough to authorize the allowance of an attorney's fee in actions brought against mutual indemnity associations insuring personal property.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge.  Opinion filed December 9, 1922.  Affirmed.

*J. S. Simmons*, and *Stuart Simmons*, both of Hutchinson, for the appellant.

*F. L. Martin, John M. Martin*, and *James N. Farley*, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.:  In an action upon an insurance policy covering an automobile and indemnifying the owner from loss by fire plaintiff recovered and defendant appeals.

The policy was issued December 6 and the car was destroyed by fire on December 28, 1920.  The defense relied upon was concealment or misrepresentation in writing concerning material facts. It was alleged that it was essential and material for the defendant to be informed as to the model and year in which the automobile was manufactured and the price paid for it; that in his application for the policy plaintiff represented that his automobile was a model of the year 1918, and that the price he paid for it on November 12, 1920, was $1,750, while as a fact the automobile was of the model and year 1916, and the purchase price was much less than he stated; and that by reason of the misrepresentations the contract became void.  The answer denied that the car was of the value of $1,500 and alleged that it was not worth to exceed $800.

The plaintiff's testimony was to the effect that he became the owner of the car by trading a 1917 Marmon worth $2,600 and that

he received in exchange the Haynes touring car, also a Buick Four and $250 in cash. The former agent of the insurance company who took the application was a witness for the plaintiff, and testified that he had been in the automobile business for eleven years and was acquainted with the market value of used cars when the policy was issued; estimated the car to be worth $1,750; and that he offered to insure it for $1,575. Other witnesses familiar with the car testified that in their judgment it was worth from $1,600 to $1,800.

At the time the policy was issued prices of new cars of all kinds were higher than ever before, and used cars brought what now seem extravagant prices. It is true there was a conflict in the evidence as to the value of the car in question. Witnesses for the defendant placed the value at from $600 to $800.

With their general verdict the jury returned certain special findings. They found that plaintiff traded a Marmon car for a Haynes car and received also a Buick Four and $250 in cash and that the insured car was a 1917 model. Finding No. 5 is to the effect that the purchase price paid by plaintiff for the Haynes car was $1,750. The defendant moved to set aside this answer and predicates error upon the refusal to sustain the motion. Defendant also moved to set aside the verdict and for judgment in defendant's favor on the special findings. The court overruled this and also a motion for a new trial.

It is insisted that the undisputed facts show that plaintiff did not pay $1,750 for the car, because he paid no money, but merely traded in a Marmon car and received a Buick car and $250. Because of this it is said the court should have set aside the findings of fact, and the facts being undisputed, the case should now be considered as if that answer had been set aside.

The representation in the policy was not that $1,750 was the value of the car, but that plaintiff paid that much for it. Although he paid no cash at all it would hardly do to say that he paid nothing; but that is substantially the effect of defendant's argument carried to its logical conclusion. We do not construe the finding to mean that the plaintiff paid in cash $1,750. Manifestly what the jury meant was that the car cost him that sum. And it was no concern of defendant whether plaintiff paid cash or exchanged property worth $1,750. The plaintiff testified he thought the car was worth the price at which he took it in the trade. The Southwest Motor Company carried the car on its books at $1,600 for the pur-

Stanley v. Indemnity Association.

pose of including it in a blanket policy of insurance; and the memorandum made of the trade corroborates the plaintiff's statement as to the value at which the car was taken in the exchange. E. J. Negy, manager, made the exchange. He was called as a witness for defendant, and although he testified that the Haynes car was not worth to exceed $600, he admitted on cross-examination that he had told plaintiff he valued it at $1,750. Besides, there was the testimony of the agent of the insurance company, who wrote the application, that he estimated the car was worth $1,750, and fixed the amount of the policy at $1,500.

The other representation upon which the defendant relies as a warranty, is that the car was a 1918 model. The jury found that it was a 1917 model. The agent of the company not only examined the car to ascertain its value, but testifies that he examined it to determine the engine number, and it is insisted, and we think with reason, that he could have discovered very readily from the serial number that the car was a model of 1917. The plaintiff says he believed the car to be a 1918 model because Negy told him it was. It is apparent that the jury believed that there was no purpose of evasion in the answers to the questions in the application.

A clause in the policy provides that any misrepresentation, in writing or otherwise, of material facts or circumstances concerning the insurance or the subject thereof shall make the insurance void.

It is true that courts have often held that there is a persistive quality or sacredness involved in a warranty which does not inhere in a mere representation, that a warranty differs from a representation in that falsity of the latter will defeat the contract only where it is material, a representation being considered as merely an inducement to the contract, but that in case of a warranty the statement is made material by the language of the contract, so that the misrepresentation of a fact warranted avoids the contract, regardless of whether it be considered as material in any respect to the risk or the loss, and without regard to whether it be made in good faith or through mistake. (See 19 Cyc. 681, 684.)

In policies of insurance the better rule is, that notwithstanding the agreement of the parties, a warranty may by reason of facts and circumstances be regarded as waived by the company. (*Insurance Co. v. Davis*, 59 Kan. 521, 53 Pac. 856.) Some of the decisions employ the term "estoppel" instead of "waiver," but evidently mean the latter.

The following statement from 2 May on Insurance, 4th ed., § 497,

was quoted with approval in *Green v. Annuity Association*, 90 Kan. 523, 529, 135 Pac. 586:

"Insurers may, and often do, find themselves in such a position that they cannot avail themselves either of a breach of warranty, or of a misrepresentation or concealment. . . . To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as ground of avoidance, is to attempt a fraud. This the courts will neither aid nor presume; and when the alternative is to find this, or to find that, in accordance with honesty and fair dealing, there was an intent to waive the known ground of avoidance, they will choose the latter."

The company cannot defend on the ground that the policy was void at its inception if it had knowledge of the facts when it executed the contract and took the premium. On general principles, a knowledge which would be sufficient to lead any prudent person to inquire about the matter, when it could easily be ascertained, ought to be regarded as a knowledge of the fact. And where the agent had knowledge of the existence of facts which would render the contract void in its inception, if its provisions were insisted upon, it would be presumed that such provisions were waived, because the courts will not impute to the company the fraudulent intent to deliver and receive pay for an invalid policy. Upon this ground the agent's knowledge of the fact that the property is vacant, or that there is concurrent insurance, or encumbrances, or his knowledge of facts relating to the ownership of the property, are regarded as knowledge of the company. See extended note on the effect of warranty, 16 L. R. A., n. s., 1213-1222.

In this case, for the reasons already suggested, we hold that the defendant is not in a position to avail itself of the alleged breach of warranties. And for the same reason there was no error in the instructions construing the contract of insurance.

It is complained that Johnson, the agent of the defendant when the policy was issued, was permitted to testify, over objections, that he told plaintiff he would insure the car for $1,575. It is urged that this was immaterial and prejudicial; but we think the court was right in holding that it was competent, at least on the question of good faith. It is true that defendant had not raised that question, but plaintiff was insisting that he had acted in good faith. The evidence was also competent as tending to show that the company was estopped to claim that it insured the car only because of representations and warranties as to the model year and the price paid.

One other contention remains. The court allowed an attorney fee of $250 to be taxed as costs. It is insisted that the defendant is not an incorporated insurance company, as appears by the language of the policy, but that it is a mutual indemnity association. The statute authorizing the allowance of such a fee is section 5479, General Statutes of 1915, which is very broad in its terms, and it provides—

"That in all actions . . . in which judgment is rendered against any insurance company on any policy given to insure any personal property . . . against loss by fire, tornado or lightning, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee, to be recovered and collected as a part of the costs."

We hold that the defendant comes within the general language of the act, and that the allowance of an attorney's fee was proper.

The judgment is affirmed.