No. 10,446.

NEW YORK LIFE INSURANCE CO. *v.* FUKUSHIMA.

Decided December 3, 1923.

Action on life insurance policy. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Fact Findings.* Fact conclusions by the trial court, supported by evidence, will not be disturbed on review.

2. INSURANCE—*Life Policy.* Under the provisions of § 2516, C. L. '21, a life insurance policy must contain clauses reciting that it constitutes the entire contract, and that no statement of the assured shall avoid the policy unless contained in the written application, a copy of which is attached to the policy.

3. *Agents—Knowledge—Fraud—Evidence.* The solicitor and medical examiner of an insurance company are its agents, and their acts and knowledge are those of their principal. The insured is not responsible for a wrong perpetrated through their fraud or negligence, and false statements in an application or examination known to them to be false, are no defense to an action on the policy. The facts may be established by parol evidence.

4.  COURT OPINIONS—*Presumption.*  Although a court opinion may not mention a statute applicable to the case decided, it being the law, the presumption is that it was considered and applied.

5.  INSURANCE—*Possession of Policy—Presumption.*  The contention in an action on a life insurance policy that the insured having had the policy in his possession for more than a year, was presumed to have examined it, held unimportant.

6.  COURT OPINIONS—*Rule Announced—Subsequent Legislation.*  Rule announced by the court in life insurance cases, held not to have been modified by subsequent legislation.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES W. WATERMAN, Mr. WILLIAM A. JACKSON, Mr. LOUIS H. COOKE, Mr. JAMES H. MCINTOSH, for plaintiff in error.

Mr. L. J. STARK, Mr. WILLIAM E. HUTTON, Mr. BRUCE B. MCCAY, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

May 18, 1920, defendant issued to Frank T. Fukushima its life insurance policy for $2000.00, in which plaintiff was named as beneficiary.  June 22, 1921, the insured died. This action was brought December 8, 1921, to recover on that policy.  The cause was tried to the court without a jury and judgment was for plaintiff.  To review that judgment defendant prosecutes this writ and prays a supersedeas.  The cause is submitted on the merits.

An application for insurance, including answers made to the medical examiner, was signed by the insured and is made a part of the policy.  The defense rested upon the falsity of the following answers: "8 C Have you ever suffered from any ailment or disease of the stomach or intestines, liver, kidneys, or bladder?  No.  8 H Have you ever consulted a physician for any ailment or disease not

included in your above answers? No. 9 What physician or physicians, if any, not named above, have you consulted or been treated by, within the last five years, and for what illness or ailment? None."

The court found: That these answers were false and were material to the risk; that insured, who could neither read nor write English and who spoke it very imperfectly, was questioned through an interpreter employed by defendant's agent and his answers were written by defendant's medical examiner; that there was no intention on the part of the insured to defraud the company; that the medical examiner was advised of an operation on insured "approximately five years" before the date of the examination and could easily have investigated and learned the facts but did not; that the examiner informed the insured this operation "didn't make any difference," and the answers written by him would so show; and that the company was estopped from relying upon the falsity of the answers because "the acts of its agent have been such as to lead the insured to believe that all acts necessary on his part had been performed," and that the policy when delivered would be valid and binding.

The trial court was obliged to find the facts from conflicting evidence. A portion of the brief of counsel for plaintiff is based upon the theory that we should review those findings. They say: "We strongly urge the court to read the testimony of each of these witnesses and determine for itself which one of them should be believed." Such is not our province. There is evidence to support these conclusions and they will not be disturbed here.

Error is assigned on the admission and rejection of certain testimony. These assignments it is unnecessary to consider because if the company was estopped, as held by the trial court, these rulings were clearly correct. If not, they are immaterial. Had the trial been to a jury the subject might not be so disposed of.

Defendant contends that irrespective of the rule by which it might otherwise be estopped, in view of our stat-

ute of 1913, and the fact that the insured had this policy in his possession for more than a year and a half, plaintiff will not be heard to plead such estoppel.

The policy before us contains a clause reciting that it constitutes the entire contract between the parties, and another reciting that no statement of the assured shall avoid the policy unless contained in the written application, copy of which is attached thereto. These clauses are mandatory under our insurance law. L. 1913, sec. 43 chap. 99, pp. 350, 351; C. L. 1921, sec. 2516, p. 820.

The solicitor and medical examiner of an insurance company are its agents, their acts and knowledge are those of their principal and the insured cannot be held responsible for a wrong perpetrated through their fraud or negligence. False statements in an application or examination known to them at the time made to be false are no defense. The facts may be established by parol evidence. *Northwestern M. L. I. Co v. Farnsworth,* 60 Colo. 324, 133 Pac. 699.

This authority defendant answers by pointing out that the action there arose prior to the passage of the act of 1913, which, it contends, abrogated the rule there followed. The Farnsworth case was decided here in 1915, but the policy was dated January 1, 1910, the insured died October 12, 1910, the complaint was filed August 8, 1911, and the cause was tried below in February, 1914. The cause therefore arose and was decided under the act of 1907. L. 1907, chap. 193, sec. 36, p. 455; R. S. 1908, sec. 3123, p. 843. That portion of the acts of 1907 and 1913 here under consideration are, however, identical.

It is true that the opinion in the Farnsworth Case does not mention the statute nor show that the application was attached to the policy, but such being the law the presumption is that it was complied with. In addition thereto we have examined that record and find that presumption supported by the fact. The mere failure of the court to mention the statute is no indication that so important and material an act was overlooked. The presumption is to the contrary.

If this were, strictly speaking, a question of the interpretation of the statute of 1913, the failure of the court to notice it in the opinion in the Farnsworth Case would certainly be most important.  But the question here is whether a rule of construction theretofore established was changed by the passage of an act which made no reference to it.  A subsequent decision taking no notice of the statute but reaffirming the rule on a reason independent thereof is in our opinion a very strong indication that the court did not consider the construction affected by the act.

*Pacific Life Co. v. Van Fleet,* 47 Colo. 401, 107 Pac. 1087, arose prior to the passage of the act of 1907.  The application there was, says Mr. Justice Campbell, made a part of the policy "by reference."  The language of the policy was, "agreements and warranty in the application for this insurance (copy endorsed hereon and all of which are made a part hereof)," and the abstract of record so disclosed.  The answers were false and known to the agent who wrote them to be so.  The court held that:

"Even though the assured signed the application and is presumed to have read it, the wrong, if any committed, was that of the authorized agent of the insurer, and so the wrong of the insurer itself, and the latter cannot be heard to insist upon its right to declare void the policy on the ground of the alleged breach of warranty."

The applicability here of the Van Fleet and Farnsworth Cases depends upon the applicability of their reasoning.  The first arose before, and the second after the passage of the act of 1907.  Neither so much as hints at the possibility of ignorance on the part of the insured of the contents of his application because not attached to the policy and in his possession.  Both assume knowledge.  If the present theory of counsel for defendant be correct both these decisions are wrong, and if it be now established both are repudiated.

As to the answer to question 9, it is herein contended that as there was no evidence that insured or any one else gave the truth concerning it to the medical examiner the policy is thereby avoided.  All the answers were, how-

ever, filled in by the medical examiner and there is evidence that as to some of them this was done without the questions being asked the insured. There is also evidence that the interpreter heard the entire conversation and did not hear this particular question asked. The inevitable conclusion is that the fact was, and the court so found, that the examiner took it upon himself to answer this question without propounding it to the insured. If so the company would of course be bound thereby. Especially is this true when, as here, the insured could have had no knowledge of the contents of the document he was signing save what he obtained from the agents of the company.

Little importance is to be attached to the contention that the insured, having had this policy in his possession for more than a year, is presumed to have examined it, familiarized himself with his answers as set forth in the application, and repudiated them if false. He was wholly unacquainted with the language in which they were written and no such presumption was indulged in the Van Fleet Case, where the insured (a railroad brakeman) must have been able to read the policy which was in his possession for over four months, or in the Farnsworth Case, where the insured (a practicing physician and evidently a man of more than ordinary intelligence and education) must have been able to read the policy which was in his possession for over nine months.

We are forced to the conclusion that the rule laid down in the Van Fleet and Farnsworth Cases, as applied to such policies as were there under consideration, is in no respect modified by the act of 1913.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR sitting for MR. JUSTICE ALLEN, concur.