COLUMBIAN NAT. LIFE INS. CO. OF BOSTON, MASS., v. RODGERS.

No. 2131.

Circuit Court of Appeals, Tenth Circuit.

Dec. 30, 1940.

Rehearing Denied Feb. 3, 1941.

706

Bailey Aldrich, of Boston, Mass. (Richard S. Righter, of Kansas City, Mo., and F. H. Nash, of Boston, Mass., on the brief), for appellant.

Roy L. Hamilton, of Beloit, Kan. (Robert L. Webb, of Topeka, Kan., on the brief), for appellee.

Before BRATTON and MURRAH, Circuit Judges, and KENNAMER, District Judge.

FRANKLIN E. KENNAMER, District Judge.

This appeal is from a judgment against appellant, for the sum of $10,000, with interest, in favor of Lena M. Rodgers, a designated beneficiary in a policy of insurance issued by The Columbian National Life Insurance Company, on the life of Paul W. Rodgers. This is the second appeal to this court upon the controversy, the first trial resulting in a similar judgment, with an appeal, and a reversal of the judgment by this court, and a remanding of the same to the District Court with instructions to grant a new trial. 10 Cir., 93 F.2d 740. The facts involved herein are set out in the earlier opinion of this court. Upon the second trial, additional evidence was submitted in support of plaintiff's claim, and we are here concerned only with one issue.

The insurance company defended upon the proposition that the insured had made false and fraudulent representations of fact, which were material to the risk, in answers to questions in the application for the policy. The untrue answers were submitted in response to questions as to whether the insured had ever been declined insurance upon any other application. The evidence disclosed in the earlier trial, as well as in the instant record, that the insured had applied to the John Hancock Mutual Life Insurance Company of Boston, Massachusetts, for a policy of life insurance for $5,000, and that the John Hancock Company had declined the application and had never issued a policy thereon. Plaintiff contends that the insurance company is estopped to assert that it was without knowledge concerning the facts involved in the unsuccessful application of the insured to obtain a life insurance policy from the John Hancock Company, and submitted evidence in support thereof. The only question involved is whether the insurance company was possessed of facts concerning the subject, or might have ascertained the true facts by further investigation, having been put upon inquiry by information before it when it issued the policy sued on herein. A brief summary of the additional evidence is essential to a determination of the issue.

There is an association or reporting system that gives information to life insurance companies, called "The Medical Information Bureau", located in Cambridge, Massachusetts, which is composed of medical directors of life insurance companies. The Recording and Statistical Corporation distributes information concerning applicants for life insurance obtained by it from The Medical Information Bureau. Both the John Hancock Mutual Life Insurance Company and The Columbian National Life

Insurance Company have memberships in The Medical Information Bureau, and are subscribers to The Recording and Statistical Corporation. Each of the member companies is given a number, and the number is employed as a part of a code used in supplying information to the members. The John Hancock Company has been designated as number "8", and after it declined the issuance of the life insurance policy to the insured, Paul W. Rodgers, information was submitted to the members of the Bureau, advising that Company number 8, which is the John Hancock Company, had an application from Paul W. Rodgers, describing him as a dentist, and giving the date of his birth and the place of his birth. The information submitted did not inform the members that a policy had been declined Paul W. Rodgers, but imparted information that the applicant had applied to some other insurance company, which company had created a record against him. The evidence disclosed that the record might have meant a rejection, but did not necessarily do so; that it might have meant a medical impairment, or that a different rate had been fixed. The evidence conclusively shows that the card indicated that a criticism of the applicant had been made by another company. This card was in the possession of the insurance company, and was before its proper agents at the time of the issuance of the policy sued on herein. The usual time required for the issuance of a policy and the return of the same to the agent is from 10 to 15 days, and if there is a delay the agent is usually notified by the company. In the instant case, the insurance company notified its agent that the reason for the delay in taking prompt action on the application of Paul W. Rodgers, was that appellant was investigating the applicant's previous insurance record. It is insisted by the insurance company that the insured had policies with two other companies, and it is argued that it is possible that an investigation was being made of the existing insurance, or the issuers thereof. No evidence is contained in the record with respect to the investigation by appellant, and since it is well established that the John Hancock Company had reported that it had created some sort of a record against Paul W. Rodgers upon his application to it, it follows that appellant reasonably was investigating this phase of the application. The insurance company produced witnesses who testified that no investigation was made by it of the John Hancock Company, and that no information was imparted by the John Hancock Company to it prior to the issuance of the policy. Upon receipt of information that an applicant had been previously declined by a life insurance company, action on the application is delayed until an investigation has been made. Information is imparted by one company to another, and appellant herein had the means of obtaining full facts concerning the insured prior to the issuance of the policy involved herein.

Courts are loathe to enforce forfeitures, and indeed they should be, except where an insurer has so conducted itself in the issuance of the policy as to preclude it from asserting any ground upon which it might be entitled to avoid the policy. There is no doubt but that an insurer may waive provisions inserted in the contract for its benefit, and may be estopped from asserting reasons ordinarily justifying a forfeiture of the policy. Knowledge of facts inconsistent with statements in an application may constitute an equitable estoppel against an insurer precluding it from asserting a ground for avoidance of the contract, and it is not essential that the knowledge be derived from the insured. An insurance company may be charged with knowledge of facts which it ought to have known. See, Supreme Lodge K. P. v. Kalinski, 163 U.S. 289, 16 S.Ct. 1047, 41 L.Ed. 163. Knowledge which is sufficient to lead a prudent person to inquire about the matter, when it could have been ascertained conveniently, constitutes notice of whatever the inquiry would have disclosed, and will be regarded as knowledge of the facts. See, Armourdale State Bank v. Homeland Insurance Company, 134 Kan. 245, 5 P.2d 786; Bowland v. McDowell, 132 Kan. 820, 297 P. 691; Stanley v. Belt Automobile Indemnity Ass'n, 112 Kan. 412, 210 P. 1096; Dunlap v. Denison, 83 Kan. 757, 112 P. 598, 31 L.R.A.,N.S., 1071; Mangum v. Stadel, 76 Kan. 764, 92 P. 1093; Maelzer v. Swan, 75 Kan. 496, 89 P. 1037; Stadel v. Aikins, 65 Kan. 82, 68 P. 1088.

This court is bound by the decisions of the highest court of the State of Kansas. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. Before one can be charged with knowledge of facts available by investigation, there must be a reason or cause for the further investigation and the insurer must be put upon inquiry by some fact or information in possession of the insurer.

See, Stewart v. American Life Insurance Co., 10 Cir., 89 F.2d 743. Information in possession of appellant prior to its issuance of the policy, that Paul W. Rodgers had applied to the John Hancock Company for a policy of insurance, which company had created a record against the applicant, was sufficient to put the insurer on inquiry as to the nature of the record, because the reporting service from which the information was obtained indicated that the applicant had either been declined or had been rated differently from the established rates, or that some other unusual circumstances were involved. If inquiry had been made, information, available to the insurance company, would have revealed that the insured's application had been declined by the John Hancock Company. Since appellant is charged with notice of what the inquiry would have disclosed, such information is sufficient to equitably estop the insurance company from asserting the defense of fraud in the application.

■ This case was tried by the court without a jury. Substantial evidence was submitted in support of the facts upon which an equitable estoppel was created. The material findings and the judgment are fully supported by competent evidence.

The judgment is affirmed.