216 P.2d 370

**CHARLTON v. WAKIMOTO et al.**

**No. 7557.**

Supreme Court of Idaho.

March 21, 1950.

J. W. Galloway, Boise, Frank E. Meek,. Caldwell, Dean E. Miller, Caldwell, for respondents.

Frank F. Kibler, Nampa, for appellant.

KEETON, Justice.

People's Automobile Inter-Insurance Exchange, hereinafter referred to as the Company, issued a policy of insurance to defendant Wakimoto; thereafter brought this action to have said policy adjudged void. After the perfecting of appeal from an adverse judgment, the appellant Fred Charlton was appointed receiver of the Company.

The pertinent facts as stipulated by the parties, admitted by the pleadings, or by the court found on controversial issues are as follows:

Wakimoto, one of the defendants, had purchased an automobile from Mason Motor Company of Caldwell, and asked the sales agent, Mr. Beall, for full insurance coverage. Mr. Beall applied for a policy covering the car with the Company and was advised by Mr.Mearse, local agent, that he could write the risk. Mr. Beall furnished the agent with the name of the insured and a description of the car and signed an application prepared by Mr. Mearse: "Henry H. Wakimoto by A. T. Beall". The insurance policy, dated February 19, 1948, thereafter was mailed to and received by Mr. Wakimoto.

On May 3rd following, this automobile, while being driven by Wakimoto on a public highway, collided with a truck driven by defendant Shrum, and Shrum thereafter insisted that Wakimoto reimburse him for divers damages thus sustained. Mr. Wakimoto notified the Company and demanded, with some insistence, that it now perform the obligations undertaken by it in the insurance policy. The Company appointed an adjuster, a Mr. Masner, and after investigation objected to Mr. Wakimoto's request, contending that due to divers breaches on the part of Wakimoto, it was not liable.

In avoidance the Company contends that the application for the insurance, which

was made a part of the policy, contained false statements of material facts in that it was represented that Mr. Wakimoto had not within a year been convicted of reckless driving, and further that the insured had not had other automobile insurance covering the same risk canceled by other companies, both of which statements were untrue. Further, that had the true facts been known, Wakimoto would not have been eligible for insurance and the policy would not have been written.

.The Company learned after the collision above referred to of the falsity of one of the statements contained in the application and Mr. Masner took the application to Mr. Wakimoto and requested him to sign it, which he did, but Mr. Masner did not advise Mr. Wakimoto that he and the Company's agent then knew that the answer was false. The Company thereafter learned that the other representation contained in the application relative to whether or not Wakimoto had had similar insurance canceled within a year was also false, at which time it returned to Mr. Wakimoto the premium paid, which he refused to accept, still insisting that the Company perform the obligations specified in the policy. Prior to this time the Company had notified Mr. Wakimoto that it reserved "the rights of said contract of insurance pending the determination of these rights and that the defense of any claim or litigation arising out of this accident * * * shall not be deemed or considered an assumption of any

liability * * * nor a waiver of any of the terms and conditions contained in said application for insurance in said policy."

The lower court found that the policy was in full force and effect at the time of the damage and injury to Mr. Shrum and it was the duty of the Company to perform the obligations contained in the policy.

Further, that the Company's agent, Mr. Mearse, prepared and completed the application; that the answers were filled in by him, not made by Beall or Wakimoto, and that the securing of the signature of Mr. Wakimoto after the damage occurred did not relieve the Company from liability.

In the application for insurance the following appears:

"Item 8. During the past year no insurer has cancelled any automobile insurance issued to the applicant except as herein stated. (Answer) None."

"Item 9. During the past year I have not been convicted, nor pleaded guilty, to any charges of reckless driving or drunken driving except: (Specify place and charge). (Answer) None."

The policy of insurance, among other things, provides:

"People's Automobile Inter-Insurance Exchange in consideration of the payment of the membership fee and the premium deposit, and in reliance upon the statements in the declarations and subject to the limits of liability exclusions, conditions and other

terms, as hereinafter stated, agrees with the insured named in the declarations as follows. * * *"

The policy contains a .number of conditions, and No. 21 reads:

"Conditions

"(21) Declarations—By acceptance of this policy the named insured agrees the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between himself and the Exchange or any of its agents relating to this insurance."

Assignments of errors will be grouped for the purpose of discussion.

Appellant contends that Beall was the agent of Wakimoto and the false answers in the application were binding on him; (the lower court found the converse of this to be true) that when Wakimoto, after the collision, signed the application he ratified the acts of Beall, and that the false answers contained in the application and the breach of the warranty in the policy avoided the insurance. Further that the refusal of the court to find certain facts hereinafter discussed constitutes reversible error; and that Wakimoto, having had his insurance policy in his possession for about three months before the alleged liability occurred, was obligated to read it and familiarize himself with its terms.

. It might here be noted that Mr. Wakimoto was an illiterate, uneducated Japanese, who spoke imperfect English, and who, according to his testimony, had been to school one year.

As a general rule material misrepresentations of fact on the part of the assured which induce the insurer to assume the risk which otherwise it would not have taken, constitute legal grounds for avoidance. And an insured's false statements in an application relative to past accidents or arrests for reckless driving, constitute "warranties as to material facts". 6 Blashfield Cyc. of Automobile Law & Practice, Perm.Ed., § 3921, pages 580–582; Republic Mutual Ins. Co. v. Wilson, 66 Ohio App. 522, 35 N.E.2d 467; 29 Am.Jur. par. 526, p. 425; par. 532, p. 430.

And a contract of insurance and the liability of the insurer may be avoided by reason of fraud in the inception of the contract, or a concealment, or misstatement of matters material to the risk.

To this general rule there are many qualifications and exceptions.

Thus, conditions, warranties and misstatement of facts sufficient to avoid the risk may be by the company waived. Allen v. Phoenix Assurance Co., 12 Idaho 653, 88 P. 245, 8 L.R.A., N.S., 903, 10 Ann.Cas. 328; Allen v. Phoenix Assurance Co., 14 Idaho 728, 95 P. 829; and the company may be estopped under recognized conditions from asserting the breach, misrepresenta-

tion and warranty, the basis of the insurance, 45 C.J.S., Insurance, p. 610, §§ 672 and 673; Stanley v. Belt Automobile Indemnity Association, 112 Kan. 412, 210 P. 1096; and the general principle as to waiver and estoppel is applicable to mutual insurance companies the same as others. Telford v. Bingham County Farmers' Mutual Insurance Co., 52 Idaho 461, 16 P.2d 983; 45 C.J.S., Insurance, § 673, p. 612; 26 C.J. 279; 32 C.J. 1316.

In the case at bar, the answers to the questions in the application for the insurance were filled in and furnished by the Company's agent without consulting or interviewing Mr. Wakimoto and none of the answers to the questions relied on for avoidance was given by him. Mr. Mearse took it upon himself to fill in all the answers and the application was never presented to Mr. Wakimoto for signature until after the collision occurred, and the Company's agent then knew that one of the statements in the application was false.

The insured was given no opportunity before the writing of the insurance to furnish correct answers to the questions.

■ Where the answers in an application are inserted by the agent of the company of his own motion, and without knowledge, inquiry or direction of the insured, the company cannot thereafter rely on such false statements in avoidance of the policy. 29 Am.Jur. p. 641, par. 844; Yoch v. Home Mutual Insurance Co., 111 Cal. 503, 44 P.

189, 34 L.R.A. 857; Roe v. National Life Insurance Association, 137 Iowa 696, 115 N.W. 500, 17 L.R.A., N.S., 1144; Donahue v. Mutual Life Ins. Co. of New York, 37 N.D. 203, 164 N.W. 50, L.R.A.1918A, 300; 4 Couch on Insurance, par. 842K, p. 2756.

■ Further, an insured is not bound by representations in his application inserted by an insurance agent on information obtained from third parties. Union Mutual Life Ins. Co. v. Wilkinson, 13 Wall. 222, 80 U.S. 222, 20 L.Ed. 617; New York Life Ins. Co. v. Haru Fukushima, 74 Colo. 236, 220 P. 994; Mazeika v. Automobile Underwriters of America, 226 Ill.App. 239.

It is claimed by appellant that the signature of Wakimoto to the application after the damage and injury occurred ratified and approved the statement as originally prepared, and that Wakimoto adopted as his own the false statements contained in the application.

At the time Mr. Wakimoto signed the application, the Company's agents knew that at least one of the answers in the application was false.

■ Where the application contains material misrepresentations or a breach of warranty and it also appears that the company or its agents knew that such statements were false, and also knew of the true facts, such misstatements of facts so known by the insurer to be false cannot be set up as a defense or an avoidance of the policy. In 4 Couch on Insurance, para.

842h, p. 2753, the rule supported by authorities is stated as follows: "Errors material to the risk in an application for insurance, even though of sufficient gravity to amount to a material misrepresentation or a breach of warranty, cannot be set up by the insurer in defense to an action on the policy, if it appears that the misrepresentations or omissions were made by its agent with full knowledge of the true facts, and that the insured has not been guilty of any bad faith * * *."

We also attach little importance to the contention that it was the duty of the insured to read and familiarize himself with the terms of the policy; or that he is presumed to have read it, whether he did or not.

The insured in the case at bar is an illiterate Japanese, and is only to a limited extent familiar with the English language. He received the policy by mail, and he paid the premium for the same and testified that he could not read or understand the fine print on the policy. This contention is not surprising. Policies of insurance are prepared by experts employed by the company and they are in a far better position to apply, interpret and know what is intended than is the insured. Mr. Wakimoto undoubtedly thought he was purchasing an insurance policy and not a lawsuit, and had a right under the facts to believe that he was insured without determining possible causes of avoidance by a reading or interpretation of the policy.

An illiterate person, or one who does not understand the English language, is not guilty of inexcusable negligence in failing to read the application, or have it read to him, nor can it be said that such person deliberately made a false statement because he did not read the application. 29 Am.Jur. 646, par. 848; New York Life Insurance Co. v. Haru Fukushima, 74 Colo. 236, 220 P. 994; State Insurance Co. v. Gray, 44 Kan. 731, 25 P. 197; Life & Casualty Ins. Co. of Tennessee v. Crow, 231 Ala. 144, 164 So. 83; Washington National Ins. Co. v. Martin, 188 Ark. 306, 65 S.W. 2d 551; Stein v. New York Life Ins. Co., 116 Pa.Super. 109, 176 A. 538; Id., 319 Pa. 225, 179 A. 589.

In New York Life Insurance Co. v. Haru Fukushima, supra, the Court said: "Where insured was wholly unacquainted with the language in which the answers to his application for insurance were written, he would not be presumed, though he had the policy in his possession for more than a year, to have examined it, and to have familiarized himself with the answers as set forth, and to have repudiated them if false." See also, Glickman v. New York Life Ins. Co., 16 Cal.2d 626, 107 P.2d 252, 131 A.L.R. 1292.

As for the rule book of the Company making the insured ineligible for insurance, we conclude it is the duty of the Company to enforce its own rules and regulations

284

and that its agents should certainly be more familiar with the rules than the insured.

If the by-laws or book of rules of the Company were violated by the Company's agent without fault on the part of Wakimoto, it was an act of the Company and not the insured, and is insufficient to defeat recovery on the policy.

Lastly, appellant contends that the court did not find on all facts on which its decision was predicated. The court found on all controversial issues. Other pertinent facts were admitted by the pleadings or stipulated by the parties. The sufficiency of the findings to support the decision should be determined by the findings made by the trial court on controversial issues, facts admitted by the pleadings or stipulated to be true. And, where findings were not made on non-controversial issues, the same does not constitute reversible error. McKune v. Continental Casualty Co., 28 Idaho 22, 154 P. 990; McMenomy v. White, 115 Cal. 339, 47 P. 109.

The question to be decided in this case is; What is the law applicable to the stipulated facts, facts admitted by the pleadings, as well as those found on controversial issues? We find no reversible error. Judgment is affirmed. Costs to respondents.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.